

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

WAGGONER CARR
ATTORNEY GENERAL

March 18, 1963

This Opinion
Affirms Opinion
#WW-896

Hon. Grady Hazlewood, Chairman
Senate Finance Committee
Austin, Texas

Opinion No. C- 38

Re: Assuming no change in exist-
ing law, whether the Legis-
lature has the authority to
make an appropriation to the
Board for Texas State Hospi-
tals and Special Schools
for the stated purposes and

Dear Senator Hazlewood:        under the stated facts.

You have requested the opinion of this office as to
whether, assuming no change in existing law, the Legislature
has the authority to make an appropriation to the Board for
Texas State Hospitals and Special Schools, or to its indivi-
dual institutions, from which funds could be paid the neces-
sary travel expenses of its employees and of patients, incur-
red where such patients are returning to a State Tuberculosis
Hospital after having left against medical advice, while in an
infectious stage of the disease.

Your request is specifically concerned with patients
who voluntarily sought initial admission to a State Tubercu-
losis Hospital, who left such State Hospital against medical
advice rather than by discharge, who are returned to such
State Hospital for further treatment without a quarantine order,
and who are residents of Texas.

With regard to the question of the authority of the
Board for Texas State Hospitals and Special Schools and its
individual institutions to hold the patients admitted to its
care without their consent, regardless of their mode of
original admittance, this office has previously issued At-
torney General's Opinion No. WW-896 (1960). The holding of
this opinion is reaffirmed and the following is quoted there-
from:

"It is our opinion that the provisions
of the Act to fight and control the disease

of tuberculosis are clear. While the Tubercu-
losis Code provides a method for voluntary
admission by persons in a contagious condition
with this disease to State hospitals, this
does not mean that such persons remain in these
tubercular hospitals as guests and free to
leave at their discretion. It is our opinion
that the mode of admission to such hospitals is
only ancillary, for only one class of persons
are eligible to gain admittance and they are
those who have tuberculosis in an active, con-
tagious and communicable state and who cannot
be treated safely in the community from which
they come. Once these persons are admitted
either voluntarily or involuntarily, your Board
is charged with the duty and the responsibility
of caring for such persons until such time as
they can be pronounced free from this contagious
disease."

It can thus be seen that once a patient is admitted
under the Texas Tuberculosis Code (Article 4477-11, V.C.S.) and
remains in an active, contagious and communicable state, it is
the duty of the Board and its individual hospitals to restrain
such persons as securely as possible. In Section 4 of this Code,
we find the following statement by the Legislature:

"Tuberculosis in a contagious, infec-
tious, or communicable state is hereby de-
clared to be dangerous to public health."

Section 51 of Article III of the Constitution of Texas
forbids the Legislature to give or grant any public moneys to
any person. It would appear that this section of the Consti-
tution would forbid the appropriation of money to pay travel
expenses of patients returning to a State Hospital after hav-
ing departed therefrom voluntarily. The legislative intent
and statement of public policy contained in the Texas Tubercu-
losis Code clearly reveals, however, that tuberculosis is con-
sidered to be a serious danger to public health. The Board
has, in the final analysis, no choice with respect to obtain-
ing the prompt return of such persons to the proper institution.
This is a matter that vitally affects public health, and the
expenditure is for a purely governmental purpose, giving public
money to an individual only as a mere incident to the paramount
public purpose behind the expenditure. State v. City of Austin,
160 Tex. 348, 331 S.W.2d 737 (1960).

It is thus the opinion of this office that an appropriation to provide funds for the travel expenses of Board employees and of patients, incurred where such patients are returned to a State Tuberculosis Hospital after having left against medical advice, while in an infectious stage of the disease, is proper. Such appropriation is for the purpose of protecting the public against the dangers of a seriously infectious disease, and it cannot be said that the expenditure is one that provides an unconstitutional benefit to a private person.

## SUMMARY

Under existing law, the Legislature has the authority to make an appropriation to the Board for Texas State Hospitals and Special Schools or its individual institutions, from which funds could be paid the necessary travel expenses of its employees and of patients, incurred where such patients are returned to a State Tuberculosis Hospital after having left against medical advice while in an infectious stage of the disease.

Such an appropriation does not violate the constitutional prohibition against the payment of State funds to private individuals, contained in Section 51, Article III, for the reason that such travel expenses are in furtherance of a program necessary to the public health and welfare.

Yours very truly,

WAGGONER CARR
Attorney General

By Malcolm L. Quick
Assistant

MLQ:ms

Hon. Grady Hazlewood, page 4 (C-38 )


APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Paul Phy
Arthur Sandlin
J. C. Davis

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone